1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         CENTRAL DISTRICT OF CALIFORNIA
10
11   WILLIAM HARRIS,                    )    Case No. CV 15-3124-PA (SP)
                                        )
12                Plaintiff,            )    MEMORANDUM AND ORDER
                                        )    DISMISSING ACTION FOR FAILURE
13        v.                            )    TO PROSECUTE
                                        )
14   CALIFORNIA DEPARTMENT OF           )
     CORRECTIONS AND                    )
15   REHABILITATION,                    )
                                        )
16                Defendant.            )
                                        )
17   _____)
18
19                                      I.
20                                PROCEEDINGS
21        On April 27, 2015, plaintiff William Harris, a state prisoner proceeding pro se and
22   in forma pauperis, lodged a civil rights complaint pursuant to Title II of the Americans
23   with Disabilities Act and Section 504 of the Rehabilitation Act.  In the complaint,
24   plaintiff alleged he was denied basic programs, services, and activities due to his
25   psychiatric disability while he was housed at the California State Prison, Los Angeles
26   County.  After the dismissal of duplicative defendants, the complaint was ultimately
27   served on the remaining defendant.
28        Defendant filed a motion to dismiss on September 8, 2015.  After the Court granted

                                         1

plaintiff an extension of time to file an opposition to the motion to dismiss, plaintiff failed to respond in the time permitted.  On November 2, 2016, the Court issued an Order granting defendant's motion, dismissing plaintiff's claims for injunctive and declaratory relief with prejudice, dismissing plaintiff's claims for monetary relief with leave to amend, and granting plaintiff until December 2, 2016 to file a First Amended Complaint to cure the deficiencies of his claims for monetary relief, as discussed in the Court's August 4, 2016 Report and Recommendation.

Plaintiff failed to file a First Amended Complaint by the December 2, 2016 deadline, or at all.  On December 22, 2016, the Court issued an Order to Show Cause Why the Complaint Should Not Be Dismissed For Failure to Prosecute ("OSC").  Plaintiff was ordered to respond to the OSC by January 12, 2017, and show cause why the action should not be dismissed.  The Court cautioned plaintiff that his failure to timely respond to the OSC will be deemed by the Court as consent to the dismissal of this action.  Plaintiff did not respond to the OSC by the deadline.  The Court has not received any response to the OSC, and has not received any communication from plaintiff since September 6, 2016, when he requested an extension of time to file objections to the Court's August 4, 2016 Report and Recommendation.

## II.

## DISCUSSION

The complaint filed by plaintiff herein suffered from the pleading deficiencies discussed in the Court's August 4, 2016 Report and Recommendation, and has been dismissed.  When plaintiff failed to file a First Amended Complaint, the Court issued an OSC giving him an opportunity to show cause for his failure to prosecute or to discharge the OSC by filing a First Amended Complaint, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action.  Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies, and has failed to respond to the OSC by the deadline to do so.  Plaintiff's failure to file a First Amended Complaint, or to otherwise respond to

the Court's December 22, 2016 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint as directed and failed to respond to the Court's December 22, 2016 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that the presumption of prejudice to defendant is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint, or to respond to the Court's December 22, 2016 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) waiting more than two weeks

4

beyond plaintiff's deadline to file a First Amended Complaint before issuing an OSC, in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action; and (2) waiting more than two weeks beyond the deadline to respond to the OSC before issuing this order. Both of these actions by the Court took place after plaintiff was in noncompliance with a court order. *See Pagtalunan*, 291 F.3d at 643 & n.4 (citing *Yourish*, 191 F.3d at 992, for the proposition that pursuit of less drastic alternatives prior to a party's noncompliance with court order will not satisfy factor, despite implied holdings of earlier cases). Plaintiff has not communicated with the Court in any fashion since September 2016. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: February 2, 2017

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

5